WARNER, MARTHA C., Associate Judge.
The defendant appeals his conviction and sentence of first-degree murder and armed robbery. Defendant contends that the trial court erred by failing to exclude collateral crime evidence pursuant to section, 90.404, Florida Statutes (1987).
The victim of this crime, Allen Hromada, allegedly approached defendant Whitehead, codefendant Scott and another person, who were standing on a street in Fort Lauder-dale around midnight, asking to buy some *946 cocaine rocks. Mr. Hromada was in his automobile. After receiving a negative response, Mr. Hromada drove off and circled around the block, later approaching the defendant and Scott, asking them if he could buy “works” (drug paraphernalia). The defendant and Scott again told Mr. Hromada that they didn’t have any. Mr. Hromada drove away but then parked further up the street. A woman in a house near where Hromada’s vehicle was parked heard three gun shots, looked out of her window, and saw the victim, Mr. Hromada, slumped back in his automobile. She also observed a black man leaving but could not identify him.
The defendant’s fingerprints were found on a check stub belonging to the victim and on the victim’s car. Fired casings from an automatic gun were discovered at the scene. In his statements to the police the defendant admitted touching both the vehicle and the check stub. He admitted being at the scene but denied involvement in the actual homicide, claiming codefend-ant Scott committed the offense.
The primary evidence against the defendant came from Scott who pled guilty to third-degree murder. Scott testified that the defendant asked him for some of the cocaine rocks that Scott was carrying, and told Scott that he was going to go sell Hromada the rocks and then rob him. According to Scott, when defendant returned he told Scott that the victim had tried to resist and so he shot him. Although Scott’s testimony directly linked defendant with the crime, it was seriously impeached in cross-examination.
Over the defendant’s objection, the state offered collateral evidence of a crime that occurred approximately one week after the murder. Again, according to the testimony of codefendant Scott, the defendant was involved in a robbery and shooting on the same street at approximately the same time of night as the murder. In the later robbery and assault, Scott testified that he, defendant and another person decided to go “jack” (rob) an individual who was standing on the street comer. No evidence of drug involvement was suggested in the collateral crime and the victim was shot in the thigh. Several witnesses in addition to Scott were called to testify regarding the collateral crime. However, none of them could identify which individual did the shooting. There was evidence that the type of weapon used in the collateral crime was different than the type used in the crime which is the subject of this appeal.
Although section 90.404(2)(a), Florida Statutes (1987), which codifies Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), permits collateral crime evidence, when relevant, to prove a material fact, it is limited to those collateral crimes which are “similar.” While no two crimes are identical, the collateral crime’s common points to the charged crime must be so unusual as to establish a “sufficiently unique pattern of criminal activity to justify admission of [the collateral crime] evidence.” Peek v. State, 488 So.2d 52, 55 (Fla.1986) (citing Chandler v. State, 442 So.2d 171, 173 (Fla.1983)). See Fennelly and Watson, Logical Logos/Legal Relevancy: A Look at the Williams Rule in Florida: Part I, 61 Fla.B.J. 49 (Oct.1987). The points of similarity must pervade the two situations and must have some special character or be so unusual so as to point to the defendant. Drake v. State, 400 So.2d 1217, 1219 (Fla.1981). Furthermore, the supreme court has held that where there are both similarities and substantial dissimilarities, then the admission of collateral crime evidence is prejudicial error. Thompson v. State, 494 So.2d 203 (Fla.1986).
The charged crime and the collateral crime in the instant case are similar in that they took place within one block of each other, within eight days of each other, and at approximately the same time of night. Based upon the testimony of the codefendant the state claims that both incidents involved the defendant as the assailant and the use of the codefendant’s car. Both crimes involved a robbery.
However, this is balanced by the substantial dissimilarities which exist in the two crimes. In the instant case, the murder victim was white and was driving a vehicle. The victim approached the defendant looking for drugs. In the collateral *947 crime the victim was black and was standing outside a vehicle with another group of people. The assailant approached the victim and there was no indication of any drug involvement. Defendant allegedly acted alone in the murder while in the collateral crime another individual accompanied the assailant and they acted together in the robbery and assault. There was also evidence that the murder weapon and the gun used in the robbery and assault were different.
Thus, although some similarities exist between the two crimes, these similarities are too general to point to the defendant as the assailant in the crime charged. Rather than tending to prove the identity of the defendant as the perpetrator of the murder in this case, the collateral crime evidence shows a propensity to commit crimes which is inadmissible under section 90.404(2)(b), Florida Statutes (1987). The modus oper-andi of the two crimes being sufficiently dissimilar, the trial court erred in allowing admission of the collateral crime evidence. See Thompson v. State, supra; Joseph v. State, 447 So.2d 243 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 888 (Fla.1984).
The state contends that even if there was a Williams rule violation it was harmless error. We disagree. The defendant’s fingerprints were found on the murder victim’s vehicle and also on the victim’s check stub. However, the only direct evidence identifying the perpetrator of the crime was the testimony of codefendant Scott, which was substantially impeached. Under such circumstances, where the only evidence identifying the defendant is the testimony of a single witness, improper admission of collateral evidence cannot be deemed harmless. Garrette v. State, 501 So.2d 1376 (Fla. 1st DCA 1987). Accordingly, we must reverse appellant’s convictions and sentences for murder in the first degree and robbery, and remand this case for a new trial.
ANSTEAD and DELL, JJ., concur.